IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PALMER EVENTS, LLC, an Oregon limited
liability company,

        Plaintiff,

v.

HYUNDAI HOPE ON WHEELS, a California
non-profit corporation,

        Defendant.

3:15-cv-02223-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Palmer Events, LLC ("Palmer") brings this action against Hyundai Hope on Wheels ("Hyundai"), asserting claims for breach of contract, quantum meruit, and account stated. Now before the court is Hyundai's Motion to Dismiss or Transfer (#3). ("Hyundai's Motion"). Hyundai moves the court to dismiss Palmer's Complaint (#1-2) pursuant to Federal Rule of Civil Procedure 12(b) for improper venue and failure to state a claim upon which relief can be granted. In the alternative, Hyundai moves the court to transfer the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

For the reasons provided below, Hyundai's Motion should be granted in part and denied in part. Hyundai's motion to dismiss for improper venue should be denied. Hyundai's motion to transfer should be granted. Hyundai's motion to dismiss for failure to state a claim should denied as moot except to the extent the motion pertains to Palmer's account stated claim, which Palmer now concedes it failed to state. *See* Resp. 6 (#9). Palmer's account stated claim should be dismissed without prejudice.

## LEGAL STANDARD

### I. Dismissal for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) permits a party to move for dismissal of an action for improper venue. In adjudicating a 12(b)(3) motion, "the allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F.Supp.2d 1156, 1161 (N.D.Cal.2009); *accord Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979).

28 U.S.C. § 1391(b) is the general venue statute. However, that provision limits only where an action may be "brought." 28 U.S.C. § 1391(b). When, as in this case, an action is removed and subsequently challenged for improper venue, 28 U.S.C. § 1441(a) governs. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953). That section provides that venue is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### II. Transfer for the Convenience of the Parties

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (footnote omitted) (internal quotation marks omitted) (citation omitted). "When ruling on motions to transfer based on § 1404(a), the court may consider undisputed facts outside of the

pleadings." *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113 (E.D. Cal. 2014) (citations omitted); *accord Samson Tug & Barge Co. v. Koziol*, 869 F. Supp. 2d 1001, 1015 (D. Alaska 2012) (citing *Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003)). "The defendant has the burden to 'make a strong showing of inconvenience' to upset the plaintiff's choice of forum." *Doe v. Corp. of The Ass'n of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints*, No. 08-CV-371-SU, 2009 WL 2132722, at *1 (D. Or. July 10, 2009) (quoting *Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir.1995)).

## FACTUAL BACKGROUND[1]

Palmer is an Oregon limited liability company engaged in the business of events planning and management. Nick Howell acted as Palmer's agent in regard to the events underlying this suit.

Hyundai is a California non-profit corporation that is affiliated with Hyundai Motors of America ("HMA"). Hyundai is authorized to do business in California. Hyundai is not registered with the Oregon Secretary of State.

CMG[2] is an events promotion agency that Palmer contends acted as Hyundai's agent in procuring Palmer's services. Christine Benitez was a CMG employee who worked on CMG's Hyundai account and was therefore purportedly authorized to represent Hyundai.

---

[1] I draw all reasonable inferences and resolve all factual disputes in favor of Palmer. *See Benchmade Knife Co. v. Benson*, No. CIV. 08-967-HA, 2010 WL 988465, at *4 (D. Or. Mar. 15, 2010) (discussing the standard governing 12(b)(3) motions (citing *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004))); *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *1 (D. Ariz. May 28, 2015) (discussing the standard governing § 1404(a) motions (quoting *Sleepy Lagoon, Ltd. v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D.Okla.2011))).

[2] At oral argument, the parties suggested that the correct name of this entity is Marketing Concept Group, or "MCG." However, I refer to the entity as CMG because that is how it is identified in Palmer's Complaint.

On May 2, 2012, Benitez asked Howell to go to Los Angeles, California to work on an event for Hyundai. Howell subsequently traveled to Los Angeles pursuant to Benitez's request and incurred costs of $4,564.95 in doing so.

On May 17, 2012, Palmer and Hyundai (allegedly acting through CMG, which in turn, was acting through Benitez) entered into a written agreement titled "Events Management & Timing Contract: 2012 Hyundai Hope on Wheels" (the "Agreement").[3] The terms of the Agreement required Palmer to plan several Hyundai foot races in 2012. The races were to take place in the District of Columbia; Denver, Colorado; Fort Worth, Texas; Los Angeles, California; and Orange County, California. The Agreement required a $60,000 deposit prior to Palmer's performance, which Palmer never received.

On May 21, 2012, Howell met with Benitez and Benitez's supervisor, Zully Gonzalez. Benitez and Gonzalez asked Howell to attend a meeting with Hyundai at Hyundai's headquarters on the following day. Howell insisted on receiving the $60,000 deposit prior to attending the May 22, 2012 meeting. Benitez told Howell that the deposit was being wired to Palmer, and Howell agreed to attend the meeting.

On June 27, 2012, HMA informed Howell that Hyundai was not a party to the Agreement. HMA further informed Howell that CMG had withdrawn from the Agreement.

**PROCEDURAL BACKGROUND**

Palmer filed suit against Hyundai in the Circuit Court of the State of Oregon for the County of Multnomah on October 27, 2015. Compl. (#1-2). Hyundai removed the case to this court on November 24, 2015. Notice of Removal (#1). This court has jurisdiction on the basis of diversity of citizenship. *See id.*; 28 U.S.C. 1332. Hyundai filed its Motion to Dismiss or

---

[3] Hyundai vehemently argues that it never entered into a contract with Palmer.

FINDINGS AND RECOMMENDATION PAGE—4

Transfer (#3) on December 3, 2015. Palmer filed its Response (#9) on December 21, 2015. Hyundai filed its Reply (#12) on December 31, 2015. The parties presented oral arguments on Hyundai's Motion on January 15, 2016. This matter is fully submitted and prepared for decision.

## DISCUSSION

### I. Motion to Dismiss for Improper Venue

**A. The Parties' Arguments**

Hyundai argues that venue is improper in this court under the general venue provision, 28 U.S.C. § 1391(b). In response, Palmer argues that venue is proper in this court pursuant to a forum selection clause in the Agreement.

**B. Application and Recommendation**

I find that venue is proper in this court. Hyundai's reliance on 28 U.S.C. § 1391(b) is misplaced. That section limits the districts where a civil action may be "brought." *Id.* This action was not "brought" in the District of Oregon; it was *removed* from the Circuit Court of the State of Oregon for the County of Multnomah. *See* Notice of Removal (#1). Consequently, § 1391(b) is inapplicable. *See Polizzi*, 345 U.S. at 665-66. Rather, venue of this removed action is governed by 28 U.S.C. § 1441(a). *See id.* That section provides that venue is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The District of Oregon is the district embracing Multnomah County, the place where this action was pending prior to removal. Accordingly, Hyundai's 12(b)(3) motion to dismiss should be denied. *See Polizzi*, 345 U.S. at 665-66; *Corp. of The Ass'n of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints*, 2009 WL 2132722, at *7; *accord Westby v. Lincoln Prop. Co.*, No. 5:14-CV-01800-BLF, 2014 WL 2769068, at *2 (N.D. Cal. June 18, 2014); *Maher v. Staub*, No. CV 09-8646 CAS JCX, 2010 WL

325747, at *5 (C.D. Cal. Jan. 4, 2010); *Western Showcase Homes, Inc. v. Fuqua Homes, Inc.*, 2010 WL 1838364 at * 3 (D. Nev. May 6, 2010); *Bacik v. Peek*, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993).

## II. Motion to Transfer Venue

### A. The Parties' Arguments

In the alternative to outright dismissal, Hyundai moves the court to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). In support, Hyundai argues that this action could have been brought in the Central District of California because Hyundai is a California non-profit corporation with its principal place of business also located in California.

Hyundai furthers argues that the current forum is inconvenient and the interests of justice would be better served by transferring this action to the Central District of California. In support, Hyundai notes that no part of the Agreement was to be performed in Oregon. Moreover, because Palmer partially performed the Agreement in California, witnesses and other sources of proof are predominately located in that state. Finally, Hyundai argues that transfer is appropriate because California law governs Palmer's claims.

In response, Palmer argues that transfer is not appropriate because Hyundai consented to this court's jurisdiction by assenting to a forum selection clause in the Agreement.

### B. Application and Recommendation

I find that this case should be transferred to the Central District of California. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Thus, the threshold question I must answer is whether this case could have been brought in the Central

FINDINGS AND RECOMMENDATION PAGE—6

District of California. *See id.*; *Jones*, 211 F.3d at 498. Because Hyundai, the sole defendant in this action, is a California non-profit corporation, I find that this case could have been brought in the Central District of California. *See* 28 U.S.C. § 1391(b)(1) (stating that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"); *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014) (discussing personal jurisdiction).

Next, in determining whether transfer to the Central District of California is appropriate, "the presence of a forum selection clause is a 'significant factor.'" *Jones.*, 211 F.3d at 498-99 (footnote omitted) (citation omitted). I must also consider the following additional factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* (footnotes omitted) (citations omitted).

### 1. Presence of a Forum Selection Clause

I reject Palmer's argument that transfer of venue is precluded by a forum selection clause in the Agreement.[4] The purported forum selection clause provides as follows: "This Agreement shall be governed in accordance with the laws of the State of Oregon or any suits or actions shall be filed in the laws of, Multnomah County, State of Oregon." Proof of Service Ex. A, at 9 (#7).

---

[4] The Agreement, although referenced as Attachment A in Palmer's Complaint, was not actually attached to the Complaint filed in this court. However, Palmer did attach parts of the Agreement, including the purported forum selection clause, to the Proof of Service (#7) it filed with the court on December 12, 2015. I properly consider those portions of the Agreement in ruling on Hyundai's motion to transfer. *See Morgan Tire of Sacramento*, 60 F. Supp. 3d at 1113 ("When ruling on motions to transfer based on § 1404(a), the court may consider undisputed facts outside of the pleadings." (citations omitted)); *Samson Tug & Barge*, 869 F. Supp. 2d at 1015 (same (citing *Gherebi*, 352 F.3d at 1302)).

The questionable drafting of this clause raises several issues of interpretation. Those issues are governed by federal law. *See, e.g., Bridgemans Servs. Ltd. v. George Hancock, Inc.*, No. C14-1714JLR, 2015 WL 4724567, at *3 (W.D. Wash. Aug. 7, 2015) ("A forum selection clause must be interpreted before it can be enforced, and federal law governs that interpretation." (citing *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir.1988))).

"If the language of a forum selection clause requires analysis to interpret its exact meaning, the court applies ordinary principles of contract interpretation." *PacifiCorp v. SimplexGrinnell LP*, No. CIV. 09-412-AC, 2009 WL 3208008, at *3 (D. Or. Oct. 6, 2009) (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). The terms of a forum selection clause "should be given their plain meaning and any ambiguities should be construed against the drafter." *Id.* (citing *Hunt Wesson Foods*, 817 F.2d at 77-78); *accord Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) ("[C]ommon or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." (internal quotation marks omitted) (citations omitted)); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

In this case, the primary issue of interpretation is whether the above-quoted terms of the Agreement even constitute a forum selection clause. I find that they do not. *Cf. Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763-64 (9th Cir.1989) (finding the following language constituted a forum selection clause: "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."); *Hunt Wesson Foods*, 817 F.2d at 76 (finding the following language constituted a forum selection clause: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."). The first part of the purported forum selection clause is nothing

more than a choice of law provision. Thus, the alleged forum selection clause must derive from the following language: "or any suits or actions shall be *filed* in the laws of, Multnomah County, State of Oregon." *See* Proof of Service Ex. A, at 9 (#7) (emphasis added). File means "1. To deliver a legal document to the court clerk or record custodian for placement into the official record . . . . 2. To commence a lawsuit." FILE, *Black's Law Dictionary* (10th ed. 2014); *see also Doe 1*, 552 F.3d at 1082 (referencing *Black's Law Dictionary* to interpret the terms of a forum selection clause). Thus, the term "filed" is unambiguous.[5] *See, e.g., id.* at 1081 (holding that a forum selection clause is ambiguous only if its terms are reasonably susceptible to more than one interpretation).

Under the plain meaning of the terms of the Agreement, the parties were only required to initially file suit in Multnomah County, Oregon. *See id.* ("Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." (internal quotation marks omitted) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.1999))). Nothing in the agreement precludes either party from subsequently removing or transferring the action. *See id.*; *Simonoff*, 643 F.3d at 1205 (discussing interpretation of forum selection clauses); *PacifiCorp*, 2009 WL 3208008, at *3-4 (discussing the difference between mandatory and permissive forum selection clauses); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir.

---

[5] Because, as explained below, I find that the plain language of the Agreement at most requires filing in Multnomah County, I need not reach the more perplexing question of what it means to file a suit "in the laws" of a county. *See* Proof of Service Ex. A, at 9 (#7). The use of the disjunctive conjunction "or" to join to two clauses in the purported forum selection clause raises an additional question as to whether the parties were even required to file suits in Multnomah County, Oregon. *See* Proof of Service Ex. A, at 9 (#7). However, I need not reach that issue either.

2007) (holding that contested and unsupported allegations that a defendant assented to a forum selection clause through an agent are insufficient to subject the defendant to the court's personal jurisdiction).

Moreover, although I find that the term "filed" is not ambiguous, I would reach the same result if it were ambiguous. Ambiguous language must be construed against the drafter. *E.g., Hunt Wesson Foods*, 817 F.2d at 78 (citations omitted). Here, Palmer is the drafter.[6] Construing the language against Palmer, I would conclude that it does not provide for an exclusive forum in Multnomah County, Oregon. *See id.*

In sum, the presence of a forum selection clause does not disfavor transfer of venue.

### 2. Location Where the Contract was Negotiated and Executed

The parties have not provided information regarding where the contract was negotiated or executed. Consequently, this factor is neutral.

### 3. State that is Most Familiar with the Governing Law

The parties dispute whether Oregon or California provides the substantive law governing the claims and defenses in this case. I need not engage in a complicated choice of law analysis to resolve that dispute. Even if Oregon provided the applicable substantive law, that fact would not be sufficient, on balance, to deny Hyundai's motion to transfer.

As the Supreme Court recently explained in the context of a motion to transfer, "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 584 (2013). Moreover, I am "not aware of any exceptionally arcane features of [Oregon] contract law that are likely to defy comprehension by a federal judge sitting in [California]." *Id.* Thus, at most, this factor would

---

[6] The context of the Agreement makes clear that Palmer is the drafter. Moreover, Palmer conceded at oral argument that it drafted the Agreement.

only slightly disfavor transfer of venue. *See Hosick v. Catalyst IT Servs., Inc.*, No. 3:15-CV-01100-SI, 2015 WL 6773757, at *7 (D. Or. Nov. 5, 2015); *accord Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1167 (C.D. Cal. Apr. 10, 2015); *O'keeffe's Inc. v. Access Info. Techs. Inc.*, No. 15-CV-03115-EMC, 2015 WL 6089418, at *3 (N.D. Cal. Oct. 16, 2015).

### 4. Palmer's Choice of Forum

As stated above, Palmer chose Oregon as its forum by initially filing this case in Multnomah County Circuit Court. However, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, plaintiff's choice is entitled only minimal consideration." *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005) (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987)). This court has little interest in a California defendant. Moreover, as explained below, the record before the court demonstrates that all of the operative facts in this matter occurred outside of Oregon. Thus, this factor is entitled to little weight. *See Corp. of The Ass'n of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints*, 2009 WL 2132722, at *2 (affording this factor little weight where the plaintiff was the only party who resided in the forum and "most of" the operative facts occurred outside of the forum).

### 5. Oregon Contacts

The parties have provided remarkably little information regarding the relative contacts between Oregon, California, and the events underlying this litigation. However, Palmer's Complaint suggests that all relevant contacts point toward California. Again, Hyundai—the sole Defendant—is a California non-profit corporation licensed to do business in California and not Oregon. Compl. ¶ 2 (#1-2). At oral argument, Palmer conceded CMG, the purported agent who

signed the Agreement on behalf of Hyundai, is also located in California. The Agreement contemplated performance in six locations. *Id.* at ¶ 4 While none of the six locations were in Oregon, two of them were in California. *Id.* Palmer also contends it sustained damages in partially performing the Agreement in Los Angeles, California. *Id.* at ¶ 5. Palmer further contends that it attended a meeting with Hyundai at Hyundai's headquarters on May 22, 2012 in relation to the Agreement. *Id.* at ¶ 8. Palmer conceded at oral argument that the May 22, 2012 meeting also took place in California. Thus, this factor strongly favors transfer of venue.

### 6. Differences in Costs of Litigation and Ease of Access to Sources of Proof

Because all of the relevant events occurred in California, most of the witnesses and other sources of proof are likely to be in California as well. Thus, both of these factors favor transfer of venue.

### 7. Availability of Compulsory Process

Federal Rule of Civil Procedure 45(c)(1) provides that a subpoena may command an individual to attend a deposition, hearing, or trial within the state where the person resides or is employed or within 100 miles of the location of the person's residence or place of employment. Again, the parties have not provided detailed information about the location of potential witnesses. However, as explained above, at least some witnesses are likely to reside or be employed in Los Angeles, California, as that is the location of Palmer's alleged part performance. Los Angeles is over 100 miles from Portland, Oregon. The Western Division of the United States District Court for the Central District of California is in Los Angeles. The Eastern Division (in Riverside, California) and the Southern Division (in Santa Ana, California) are both within 100 miles of Los Angeles. Thus, this factor favors transfer of venue.

In sum, upon balancing all of the factors, I conclude that this matter should be transferred to the United States District Court for the Central District of California.

### III. Failure to State a Claim

Palmer now concedes that it failed to state a claim for account stated. *See* Resp. 6 (#9). Therefore, that claim is dismissed without prejudice. Because I find that Hyundai's motion to transfer should be granted, Hyundai's 12(b)(6) motion to dismiss should be denied as moot to the extent it pertains to Palmer's remaining claims.

## CONCLUSION

For the reasons provided above, Hyundai's Motion (#3) should be granted in part and denied in part. Hyundai's 12(b)(3) motion to dismiss should be denied. Hyundai's 28 U.S.C. § 1404(a) motion to transfer to the Central District of California should be granted. Hyundai's 12(b)(6) motion to dismiss should denied as moot except to the extent the motion pertains to Palmer's account stated claim, which Palmer now concedes it failed to state. Palmer's account stated claim should be dismissed without prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

//

//

//

//

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 26th day of February, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge